# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**ARON FREELAND,**

    **Plaintiff,**

**v.**                                     **Case No. 2:17-cv-01561**

**MOUNT OLIVE CORRECTIONAL COMPLEX,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the plaintiff's Letter-Form Motion for Injunctive Relief (ECF No. 4) and **DISMISS AS MOOT** his Letter-Form Complaint for injunctive relief (ECF No. 1).

## PROCEDURAL HISTORY

On March 3, 2017, the plaintiff filed a Letter-Form Complaint for injunctive relief (ECF No. 1), alleging that he had been threatened and abused at the Mount Olive Correctional Complex, and seeking his transfer to another correctional facility. On March 14, 2017, the plaintiff filed a Letter-Form Motion for Injunctive Relief (ECF No. 4) seeking similar relief.

The plaintiff has since been transferred from MOCC to the Northern Correctional Center ("NCC"), which is within the jurisdiction of the United States District Court for the Northern District of West Virginia. Based upon the plaintiff's transfer, his requests for all forms of declaratory and injunctive relief are now moot.

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's claims for declaratory and injunctive relief made in his Letter-Form Complaint (ECF No. 1) and his Letter-Form Motion for Injunctive Relief (ECF No. 4) must be denied and dismissed as moot.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the plaintiff's Letter-Form Motion for Injunctive Relief (ECF No. 4) and **DISMISS** his Letter-Form Complaint (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff **at the Northern Correctional Center**.

September 25, 2017

Dwane L. Tinsley
United States Magistrate Judge